UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

VERNON LEE ROBERTS, #1157148,          :
                                       :
                 Petitioner,           :
                                       :
v.                                     :   ACTION NO. 2:15cv356
                                       :
HAROLD W. CLARKE, Director,            :
Virginia Department of Corrections,:
                                       :
                 Respondent.           :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Vernon Lee Roberts ("Roberts") is a Virginia inmate currently serving a five-year active sentence following his 2011 conviction for possession with intent to distribute marijuana. His pro sé federal habeas petition under § 2254 alleges six claims. Respondent moved to dismiss the petition, and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure. For the reasons outlined below, the undersigned RECOMMENDS that the court deny Roberts's claims, GRANT Respondent's motion (ECF No. 8), and DISMISS the petition.

## I. STATEMENT OF THE CASE

In January 2011, following a bench trial in the Circuit Court of the City of Chesapeake, Roberts was convicted of

1

possession with intent to sell, give, or distribute marijuana in violation of Va. Code 18.2-248.1. Trial Tr. at 66-67, Commonwealth v. Roberts, No. CR10003308-00 (Va. Cir. Ct. Jan. 21, 2011). Following his conviction, Roberts was allowed to remain on bond, and subsequently absconded for two years. Sentencing Tr. at 4-8, Commonwealth v. Roberts, No. CR10-3308-00 (Va. Cir. Ct. Aug. 1, 2013). In April 2013, Roberts was arrested in Indiana, and then transported to Chesapeake, Virginia for sentencing. Id. at 4. On August 1, 2013, the court sentenced Roberts to ten years' imprisonment with five years suspended conditioned on indeterminate good behavior and supervised probation and imposed a $500.00 fine. Id. at 20; see also Sentencing Order, No. CR10-3308 (Va. Cir. Ct. Aug. 16, 2013).

Roberts, by counsel, appealed his conviction to the Court of Appeals of Virginia. Roberts v. Commonwealth, No. 1505-13-1 (Va. Ct. App. June 4, 2014). He argued that the evidence was insufficient to support his conviction. Pet. for Appeal, Roberts v. Commonwealth, No. 1505-13-1 (Va. Ct. App. Dec. 17, 2013). The Virginia Court of Appeals denied his appeal, holding that "[t]he evidence was thus sufficient to prove beyond a reasonable doubt that appellant had the intent to distribute marijuana and that he was guilty of the charged offense." Roberts v. Commonwealth, No. 1505-13-1 (Va. Ct. App. June 4,

2

2014).   In denying his appeal, the Court of Appeals summarized the facts of the case as follows:

> The Commonwealth's evidence proved that appellant possessed marijuana when the police stopped his vehicle.   Appellant had a quantity of cash in his possession.   In appellant's home were a set of scales and large plastic bags with marijuana residue.   The expert opined that under the circumstances of the case, appellant's possession of marijuana was inconsistent with possession for personal use.   The evidence was thus sufficient to prove beyond a reasonable doubt that appellant had the intent to distribute marijuana and that he was guilty of the charged offense.

Id.   Roberts did not appeal the Virginia Court of Appeals' denial to the Supreme Court of Virginia.

On December 14, 2014, Roberts filed a petition for writ of habeas corpus in the Supreme Court of Virginia.   State Habeas Pet., Roberts v. Clarke, No. 141787 (Va. Dec. 11, 2014).   His petition asserted six claims: (1) the Commonwealth violated Brady v. Maryland by withholding police activity sheets and presenting knowingly false testimony; (2) counsel failed to investigate the alleged outstanding warrants that led to Roberts's arrest; (3) counsel failed to seek a suppression hearing; (4) counsel knew the Commonwealth's testimony was false and made no objections; (5) counsel failed to investigate Diane Reffitt, a defense witness at trial; and (6) counsel failed to impeach Detective Roberts, the police officer who initiated the traffic stop.   Id.   The Supreme Court of Virginia dismissed the

petition, holding that Roberts's first claim was barred because it was a non-jurisdictional issue which he could have raised at trial and on direct appeal, and holding that his five claims of ineffective assistance of counsel lacked merit under <u>Strickland v. Washington</u>. <u>Roberts v. Commonwealth</u>, No. 141787 (Va. July 20, 2015) (ECF No. 10-1).

Roberts then timely filed his federal habeas petition, pro sé on August 7, 2015. (ECF No. 1). He alleges six claims for habeas relief: (1) the Commonwealth violated <u>Brady v. Maryland</u> by withholding police activity sheets and allowing witnesses to present false testimony; (2) counsel was ineffective because he failed to investigate the alleged outstanding warrants; (3) counsel was ineffective for allowing the Commonwealth's chief witness, Detective Roberts, to testify falsely; (4) counsel ineffectively failed to move for a suppression hearing; (5) counsel failed to investigate defense witness Diana Reffitt; and (6) counsel was ineffective because he failed to file a motion for discovery, lied about filing the motion, and failed to conduct an adequate pre-trial investigation.[1] (ECF No. 1, at 5-12). The respondent filed a motion to dismiss the petition,

---

[1] The first five claims are identical to those raised in Roberts's state habeas petition. His federal habeas petition does not include the sixth state habeas claim - that his trial counsel was ineffective for failing to impeach Detective Roberts, the police officer who initiated the traffic stop that led to his arrest. See <u>Roberts v. Commonwealth</u>, No. 141787 (Va. July 20, 2015) (ECF No. 10-1); <u>see also</u> (ECF No. 1).

4

arguing that Roberts's first and sixth claims are procedurally defaulted, and his ineffective assistance of counsel claims are without merit and the Supreme Court of Virginia's decision as to these claims was not unreasonable. Resp't's Br. (ECF No. 10, at 5-11). Roberts received notice of the motion and his opportunity to respond, as required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Roberts did not respond, and because the opportunity to do so has expired, the matter is ripe for review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order to obtain review of a writ of habeas corpus in federal court, petitioners must exhaust the remedies available to them in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). That is, the state prisoner must give the state court an initial opportunity to consider the alleged constitutional errors that occurred in his state trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). This is so because federal habeas review under § 2254 is limited to review of the state court's decision on a merits issue cognizable under federal law.[2] "To satisfy the exhaustion requirement, a habeas petitioner must

---

[2] In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," because "Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). This "generally requires that the essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). In other words, Roberts must have "present[ed] the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587 (E.D. Va. 2006).

If, as is the case for Roberts's sixth claim, a petitioner presents unexhausted claims, the court may dismiss the federal petition without prejudice to permit exhaustion. See, e.g., George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996). However, "when it is clear that the state law would bar state review, exhaustion is not required, and federal review is precluded." Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990); see also Gray v. Netherland, 518 U.S. 152, 161 (1996).

6

Here, Roberts presented his first five claims in his state habeas petition before the Supreme Court of Virginia. He did not raise his sixth claim in his state habeas petition.[3]

## A. Roberts Has Procedurally Defaulted Claim One and Claim Six.

Under the doctrine of procedural default, "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal claim." Breard, 134 F.3d at 619; see also Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). A petitioner may overcome a procedural default by showing "cause and prejudice" or by establishing that his confinement constitutes "a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977).

---

[3]   Roberts presented his sixth claim in his brief opposing the Commonwealth's motion to dismiss his state habeas petition, and the Supreme Court of Virginia held that the claim was not properly before the court because "[t]he facts were known to petitioner at the time he filed his petition for writ of habeas corpus, and petitioner has neither sought nor received leave to amend his petition." Roberts v. Commonwealth, No. 141787 (Va. July 20, 2015) (ECF No. 10-1, at 6).

In a motion for appointment of counsel filed with the Supreme Court of Virginia in the state habeas proceeding, Roberts represented that his trial counsel had subsequently been disbarred, and Virginia State Bar records attached to his motion show that his trial counsel's license was suspended effective on October 29, 2012. Rule to Show Cause & Order of Summ. Suspension & Hearing (ECF No. 1, at 29). The suspension apparently related to discipline imposed by the United States Bankruptcy Court, and the issue is not presented in Roberts's federal habeas petition. Moreover, his ineffective assistance claims and the state court records do not provide any indication that counsel's representation at his trial was below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668 (1984). Therefore this report does not address this issue.

Specifically, the court may excuse a default under the cause and prejudice standard when the petitioner demonstrates (1) "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and (2) that "errors at his trial ... worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Frady, 456 U.S. 152, 170 (1982)).

Procedural default is also excused when "a constitutional error has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). To obtain review, the petitioner must identify "new reliable evidence" not available to him at trial, and the court must find "in light of the new evidence it is more likely than not no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327-28 (1995); Sharpe v. Bell, 592 F.3d 372, 377 (4th Cir. 2010).

### 1. Claim One: Commonwealth Withheld Evidence and Knowingly Allowed False Testimony at Trial

In Roberts's federal habeas petition, he first claims that the Commonwealth violated Brady v. Maryland by failing to produce police activity sheets and knowingly presenting false testimony. 373 U.S. 83 (1963). Roberts presented this claim to

the Supreme Court of Virginia – meaning the claim is exhausted – and the court held that the claim was barred under Virginia law because Roberts could have raised the issue at trial or direct appeal, and he failed to do either.  Roberts v. Commonwealth, No. 141787 (Va. July 20, 2015) (ECF No. 10-1, at 1-2).  Roberts had implied that certain police activity reports would have contradicted the arresting officer's testimony that he was aware of outstanding warrants justifying his arrest of Roberts and the search.  State Habeas Pet., Roberts v. Clarke, No. 141787 (Va. Dec. 11, 2014).  To explain its dismissal of claim one, the Supreme Court of Virginia – the state habeas court – noted that Roberts could have raised this claim at trial or on direct appeal, but failed to do so.  Roberts v. Commonwealth, No. 141787 (Va. July 20, 2015) (ECF No. 10-1, at 2).  The court relied on Slayton v. Parrigan, and "Slayton has consistently been held to constitute an independent and adequate state law ground, which supports procedural default in federal court." Poindexter v. Johnson, No. 2:09cv107, 2009 WL 4456291, at *4 (E.D. Va. 2009) (citing Smith v. Murray, 477 U.S. 527, 533 (1986); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998)).  For the purposes of federal habeas review, claim one is thus simultaneously exhausted and procedurally defaulted.

Roberts attempts to overcome this procedural default, arguing that he "could not have ... reasonably raised [this

claim] at the state trial level" or in his first habeas petition because he "did not gain the transcripts and subsequent information until well after the fact ...." Id. at 21. It is not clear what subsequent information Roberts is referring to because he neither described nor produced the allegedly contradicting activity reports. In addition, to constitute cause or excuse default, the petitioner's failure to abide by the procedural rule must have been due to a factor "external to the defense." Wolfe, 565 F.3d at 158 n. 27. Roberts's claims regarding the allegedly withheld evidence do not meet the cause and prejudice standard, and the court's own review of the record discloses no evidence suggesting that he could meet this standard.

Moreover, even if this court were to reach the merits of claim one, Roberts fails to state a claim for relief under 28 U.S.C. § 2254(d). Specifically, Roberts argues that the Commonwealth withheld evidence related to his outstanding warrants in violation of Brady v. Maryland and presented false testimony. (ECF No. 1, at 5). In Brady v. Maryland, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). The record

10

in this case does not provide support for this claim. Specifically, the state court records include a copy of an order for discovery. Order for Discovery, No. GC10-4852, 4854 (Va. Gen. Dist. Ct. Aug. 4, 2010). As mentioned above, Roberts suggests the existence of an allegedly conflicting report, but none has been identified or produced. Thus even if this court were to reach the merits of Roberts's first claim, there is no evidence of a Brady violation. As to Roberts's claim that the Commonwealth knowingly presented false testimony through the arresting officer, this contention underlies all of his federal habeas claims, and is discussed below in greater detail. To summarize, Roberts argues that because the testimony of the arresting officer and the testimony of his witness – who was in the vehicle when it was stopped – differed slightly regarding the reasons for the stop, the Commonwealth's witness presented false testimony. See (ECF No. 1, at 5-13). However, Roberts fails to proffer any facts to support this claim, and the state court records also do not provide support. Simply alleging that the Commonwealth presented testimony which conflicted with that of a defense witness is insufficient to state a claim for federal habeas relief.

Accordingly, Roberts's first claim does not fit in the narrow category of "extraordinary" cases warranting federal review of a defaulted claim, and even if the court reached the

merits of the claim, Roberts fails to state a claim for federal habeas relief. Schlup, 513 U.S. at 327 (quoting McClesky v. Zant, 499 U.S. 467, 494 (1991)). The undersigned thus recommends that the court dismiss claim one.

> ### 2. Claim Six: Counsel Failed to File a Motion for Discovery and Failed to Conduct a Pre-trial Investigation

Roberts's sixth claim is that his "[c]ounsel was ineffective because counsel lied to petitioner when he stated that he filed a motion for discovery ... and counsel failed to conduct an adequate pre-trial investigation." (ECF No. 1, at 12-13). Roberts did not raise this claim in his state habeas petition, but he did raise it in his brief opposing the Commonwealth's motion to dismiss the state petition. Br. in Opp., Roberts v. Commonwealth, No. 141787 (Va. Feb. 10, 2015). The Supreme Court of Virginia held that "these claims are not properly before the Court. The facts of these claims were known to petitioner at the time he filed his petition for a writ of habeas corpus, and petitioner has neither sought nor received leave to amend his petition." Roberts v. Commonwealth, No. 141787 (Va. July 20, 2015) (citing Va. Code Ann. § 8.01-654(B)(2)) (ECF No. 10-1, at 6).

Because Roberts did not properly present his sixth claim to the Supreme Court of Virginia, and Virginia's bar on successive

petitions prevents him from filing a new state habeas petition that raises claims based on the same facts, he has procedurally defaulted claim six. See Va. Code Ann. § 8.01-654(B)(2); see also Mills v. Pearson, 1:13cv317, 2014 WL 559675, at *2 (E.D. Va. Feb. 12, 2014). That is, resting on independent and adequate state law ground, the state habeas decision is barred from review in this court, "absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence." Id.; see Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000) (holding that Virginia Code § 8.01-654 constitutes an independent and adequate state law ground). Roberts has not argued that his default is excusable under any of these grounds. However, because Martinez v. Ryan, 132 S. Ct. 1309 (2012), provides a potential avenue of cause to excuse Roberts's default of his ineffectiveness claim, this report will address why Martinez does not apply to Roberts's claim.

In Martinez, the Supreme Court recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 132 S. Ct. at 1315. Specifically, Martinez established a test to determine whether a petitioner can show cause for defaulting on an ineffective assistance claim on the basis of inadequate representation in state habeas proceedings.

13

First, the state imposing the conviction must require the prisoner to raise an ineffective assistance claim in an initial collateral proceeding rather than on direct review.[4]  Id. at 1318.  Second, the state must have failed to appoint counsel in the initial-review collateral proceeding, or appointed counsel in the collateral proceeding must have been ineffective under Strickland v. Washington, 466 U.S. 668 (1984).  See Martinez, 132 S. Ct. at 1318.  Finally, the underlying ineffective assistance claim must have "some merit."  Id.

As to the first step under Martinez, Virginia law requires a petitioner to raise all claims of ineffective assistance of counsel on collateral review, and thus Roberts's case meets this requirement.  See Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001).  Roberts also meets the next requirement under Martinez because counsel was not appointed for his initial-review collateral proceeding.  However, Roberts fails to show that his claim is meritorious, and therefore fails to establish that Martinez excuses his procedural default for claim six.

To show his sixth claim is meritorious, Roberts must meet the two-prong test in Strickland v. Washington, 466 U.S. 668 (1984).  To meet the "performance" prong, Roberts must show that

---

[4] "Initial-review collateral proceedings" are those proceedings under state law "which provide the first occasion to raise a claim." Martinez, 132 S. Ct. at 1315; see, e.g., Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001) (explaining that Virginia requires that ineffective assistance claims be brought in collateral proceedings).

his trial "counsel's representation fell below an objective standard of reasonableness," and to meet the "prejudice" prong, he must show that but for his counsel's actions, the result of the trial would have been different. Id. at 687, 694. Here, Roberts fails to prove either prong. The trial record includes an Order for Discovery filed by Roberts's first attorney, and the record does not support Roberts's claim that his second attorney, who represented him at trial, failed to conduct discovery pursuant to the order. See Order for Discovery, No. GC10-4852, 4854 (Va. Gen. Dist. Ct. Aug. 4, 2010). Moreover, trial counsel's decisions as to pre-trial investigations are presumed to be within counsel's reasonable professional judgment, and Roberts has not proffered any facts to suggest otherwise. He also has not alleged any information which would have been disclosed but for his attorney's alleged failure. Merely asserting that counsel's performance was inadequate is insufficient. See Strickland, 466 U.S. at 687. Accordingly, Roberts fails to show that his procedural default as to his sixth claim should be excused, and this claim should be dismissed.

**B.   The State Habeas Court's Decision Regarding Roberts's Ineffective Assistance of Counsel Claims Was Not Contrary to, or an Unreasonable Application of, Clearly Established Federal Law.**

Exhausted state habeas claims are governed by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.   Under the AEDPA, federal courts may not grant relief on any claim adjudicated on the merits by the state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts."   28 U.S.C. § 2254(d)(1)-(2).    A state court's decision is contrary to clearly established federal law if the court arrives at a conclusion opposite to one reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court on a set of materially indistinguishable facts.   Williams v. Taylor, 529 U.S. 362, 412-13 (2000).   That is, a state court unreasonably applies clearly established federal law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case.   Id. at 413; see White v. Woodall, 134 S. Ct. 1697, 1706 (2014).   To warrant relief, the state court's application must be "objectively unreasonable," not simply incorrect.   Barnes v. Joyner, 751 F.3d 229, 238-39 (4th

16

Cir. 2014) (citing Williams, 529 U.S at 411; Robinson v. Polk, 438 F.3d 350, 355 (4th Cir. 2006)). Finally, a state court makes an unreasonable determination of fact when its application of the law depends, in whole or in part, on a factual finding that is not supported by evidence in the record. See Wiggins v. Smith, 539 U.S. 510, 528 (2003).

In his present habeas petition, Roberts asserts five claims of ineffective assistance of counsel. Four of the five claims are exhausted, and this section separately addresses the four exhausted claims.[5] Because the Supreme Court of Virginia resolved these four claims on the merits, to obtain relief in this court, Roberts must overcome the standard set forth in § 2254(d) and show that the Supreme Court of Virginia's conclusions were contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent or were based on an unreasonable determination of the facts.

Applying this standard to Roberts's ineffective assistance of counsel claims, he must demonstrate that the state court unreasonably applied the "performance" and "prejudice" prongs of the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).[6] To satisfy the "performance" prong of the

---

[5] Roberts did not exhaust his sixth claim, and the previous section discusses this claim.

[6] As both prongs of the test are "separate and distinct elements" of an ineffective assistance claim, Roberts must satisfy both

17

test, Roberts must show that "counsel's representation fell below an objective standard of reasonableness," such that he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[7] Id. To satisfy the "prejudice" prong of the test, Roberts must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[8] Id. at 694. The burden is on the petitioner to show that counsel's performance was deficient because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 687.

In addition to the presumption of reasonableness accorded to counsel's decisions, because the Supreme Court of Virginia rejected Roberts's claims, review in this court is "doubly deferential." Burt v. Titlow, 134 S. Ct. 10, 13 (2013) (quoting

---

requirements of the test to prevail on the merits. Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994); see Strickland, 466 U.S. at 697. Likewise, the court can address the elements in any order. Additionally, the court reviews alleged errors of counsel individually, not cumulatively. Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998).

[7] "In all criminal prosecutions, the accused shall enjoy the right ... to have the assistance of counsel for his defense." U.S. Const. amend. VI.

[8] The Supreme Court has defined a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005).

Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011)); see Yarborough v. Gentry, 540 U.S. 1, 6 (2003); Burr v. Lassiter, 513 F. App'x 327, 340 (4th Cir. 2013) (unpublished) ("[W]here the issue is whether the state court has unreasonably applied Strickland standards to an ineffective assistance of counsel claim, 'double deference' is required – deference to the state court judgment granting deference to trial counsel's performance."). As many courts have noted, "[i]f this standard is difficult to meet, that is because it was meant to be," and "even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable." Burr, 513 F. App'x at 341 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)). Applying the foregoing standard, the Supreme Court of Virginia's decision as to Roberts's ineffective assistance claims was not unreasonable, and his claims do not present an "extreme malfunction[]" in the state criminal justice system" warranting federal habeas relief. Pinholster, 131 S. Ct. at 1376.

1. **Claim Two: Counsel Failed to Investigate Outstanding Warrants**

Roberts argues that his counsel was constitutionally ineffective for failing to investigate his outstanding warrants, which the police officer used to justify Roberts's traffic stop. (ECF No. 1, at 7). The Supreme Court of Virginia rejected

Roberts's claim and held that he had shown neither deficient performance nor prejudice from the alleged acts of his trial counsel. Because of the burden placed on Roberts as petitioner and the clarity of constitutional law governing Roberts's ineffectiveness claim, the Supreme Court of Virginia's conclusion was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.

Applying Strickland to Roberts's second claim, he fails to meet either the performance prong or the prejudice prong of the two-part test. As to the performance prong, Roberts fails to show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687. That is, "[i]n any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 690-91.

In his present petition, Roberts argues that his attorney failed to investigate his outstanding warrants. (ECF No. 1, at 7, 19-22). To support this claim, he relies on alleged differences between the arresting officer's testimony and his witness's testimony, and he relies on the fact that neither the Commonwealth nor his attorney sought to introduce the warrants at trial. (ECF No. 1, at 7, 20-21); see Trial Tr. at 10-11, 54-

55, Commonwealth v. Roberts, No. CR10003308-00 (Va. Cir. Ct. Jan. 21, 2011). Specifically, he argues that the arresting officer's testimony was false because defense witness Diana Reffitt testified that the stop was predicated on a faulty brake light, whereas the arresting officer testified that he arrested Roberts because of outstanding warrants. See (ECF No. 1, at 19-22); see also Trial Tr. at 10-11, 54-55, Commonwealth v. Roberts, No. CR10003308-00 (Va. Cir. Ct. Jan. 21, 2011).

Looking at the trial transcript, Detective Roberts testified that he arrested Roberts because of two outstanding warrants, and Diana Reffitt testified that Detective Roberts said that the car had a faulty brake light. Trial Tr. at 10-11, 54-55, Commonwealth v. Roberts, No. CR10003308-00 (Va. Cir. Ct. Jan. 21, 2011). However, the fact that Roberts's own witness offered slightly different testimony regarding the reasons for the stop does not show that counsel's investigation regarding the warrants was deficient. Roberts therefore fails to proffer facts to support his claim that his counsel unreasonably failed to investigate the outstanding warrants. Moreover, Roberts's counsel also had the opportunity at trial to cross-examine Detective Roberts about the warrants.

Applying the performance prong of Strickland, trial strategies and investigative decisions are strongly presumed to be reasonable, and here, counsel's actions in this regard did

21

not fall below an objective standard of reasonableness because he addressed the issue of the warrants at trial. <u>See</u> <u>Strickland</u>, 466 U.S. at 687. Roberts also fails to meet <u>Strickland</u>'s prejudice prong because he fails to demonstrate that but for his counsel's conduct the outcome of the trial would have been different. In rejecting Roberts's claim, the Supreme Court of Virginia explained:

> Petitioner fails to state what information counsel would have discovered had counsel investigated the outstanding warrants. Further, the record, including the trial transcript, demonstrates that Officer Roberts testified that he was advised petitioner had two outstanding warrants and that <u>he confirmed the existence of the warrants "through [the] NCIC database through our dispatch."</u>

<u>Roberts v. Commonwealth</u>, No. 141787 (Va. July 20, 2015) (ECF No. 10-1, at 2-3) (emphasis added). That is, the officer testified that the warrants existed, as verified by the National Crime Information Center database, and Roberts did not present any evidence to rebut this at trial.[9] <u>See</u> Trial Tr. At 10:15-25 - 11:1, <u>Commonwealth v. Roberts</u>, No. CR10003308-00 (Va. Cir. Ct. Jan. 21, 2011). Roberts therefore fails to show that the trial outcome would have been different had his counsel investigated the alleged outstanding warrants because the evidence at trial suggests that the warrants did exist. The undersigned

---

[9]   In fact, in his federal habeas petition, Roberts does not allege that the warrants did not exist - only that they were not introduced at trial and that his attorney should have exploited this fact to discredit the officer. <u>See</u> (ECF No. 1, at 7, 19-22).

recommends that the court dismiss Roberts's second claim because the state habeas court's conclusion that Roberts did not prove either of the elements of Strickland was not unreasonable, and in his present habeas petition, Roberts fails provide facts that support this claim.

   **2.   Claim Three: Counsel Allowed the Commonwealth to Present False Testimony**

Roberts next argues that his trial counsel was "ineffective for permitting the Commonwealth to enter knowingly false testimony into the record through its chief witness Officer Roberts." (ECF No. 1, at 8). The Supreme Court of Virginia summarized Roberts's claim as follows: "Petitioner appears to allege that the officer testified falsely when he stated he stopped petitioner because of the outstanding warrants, when [Diana] Reffitt testified the officer stated he stopped the vehicle because of a defective taillight." Roberts v. Commonwealth, No. 141787 (Va. July 20, 2015) (ECF No. 10-1, at 4).

Relying on the state circuit court records, the Supreme Court of Virginia concluded that Roberts had failed to satisfy Strickland's two-prong test for this claim, and stated that:

> [t]he record, including the trial transcript, demonstrates that Officer Roberts testified that, after receiving the information about the outstanding warrants, he stopped petitioner's vehicle and upon approaching "told [petitioner] why [he] was there."

> The officer was never asked if petitioner's vehicle had a defective light. The record also demonstrates that Reffitt testified that after Officer Roberts stated he stopped the vehicle because of a defective taillight, he informed petitioner about the outstanding warrants.

Roberts v. Commonwealth, No. 141787 (Va. July 20, 2015) (ECF No. 10-1, at 4). In support of this conclusion, at trial Detective Roberts testified that he

> was advised Vernon Roberts had two outstanding warrants.... [He] went by the residence that he was associated with, saw a vehicle that was associated with Vernon Roberts. [He] waited down the street for him to drive away. [He] then stopped the vehicle. [He] observed Vernon Roberts driving the vehicle. [He] then pulled the vehicle over, conducted a traffic stop with my blue lights and siren.

Trial Tr. at 10:15-25 - 11:1, Commonwealth v. Roberts, No. CR10003308-00 (Va. Cir. Ct. Jan. 21, 2011). Diana Reffitt, Roberts's girlfriend and a defense witness, testified that "[w]e got pulled over. The detective said we had a brake light or taillight or something out .... And next thing I know, they had him in handcuffs and took him straight back to the car." Id. at 54:24-25 - 55:4-5.

The Supreme Court of Virginia's decision was not unreasonable as to this claim because the record does not support Roberts's claim that his counsel allowed the Commonwealth to introduce false testimony. That is, Roberts's counsel asked Diana Reffitt about her recollection of the traffic stop, and counsel had the opportunity to cross-examine

Detective Roberts's about his recollection of the stop. Although the officer's recollection differed slightly from Ms. Reffitt's recollection, the record does not suggest that Roberts's counsel could have prevented Detective Roberts's testimony, nor does it establish that the testimony was false. As a result, Roberts is not able to show that but for his counsel's conduct the trial's outcome would be different. Based on Roberts's failure to state a claim for habeas relief under § 2254(d) and the Supreme Court of Virginia's reasonable application of Strickland, his third claim should be dismissed.

> 3.  **Claim Four: Counsel Failed to Ask for a Suppression Hearing**

Roberts next claims that his "[c]ounsel was ineffective for failing to move for a proper suppression hearing." (ECF No. 1, at 10). The Supreme Court of Virginia rejected this claim and held that:

> Petitioner fails to state on what grounds counsel should have requested a suppression hearing or what the outcome of such a hearing would have been. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Roberts v. Commonwealth, No. 141787 (Va. July 20, 2015) (ECF No. 10-1, at 3).

25

In the Fourth Circuit's recent habeas decision, <u>Grueninger</u> <u>v. Director, Virginia Department of Corrections</u>, the court noted that to determine "whether counsel's failure to move to suppress a confession was deficient under <u>Strickland</u>, we ask whether a motion to suppress would have had 'some substance.' " __ F.3d __, 2016 WL 502939, at *20 (4th Cir. Feb. 9, 2016) (quoting <u>Tice v. Johnson</u>, 647 F.3d 87, 104 (4th Cir. 2011)). The Fourth Circuit also held that with regard to claims that counsel failed to move to suppress evidence, when applying "<u>Strickland</u>'s prejudice prong, we evaluate whether the underlying 'claim is meritorious.' " <u>Id.</u> (quoting <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375 (1986)).

In his current habeas petition, Roberts does not specify what evidence his attorney failed to move to suppress. That is, Roberts fails to state a claim as to whether the motion to suppress would have had "some substance" or whether the "underlying 'claim [was] meritorious' " because he fails to state what evidence should have been suppressed.[10]  <u>Grueninger</u>,

---

[10]  Because Roberts's case involved the police finding marijuana after a traffic stop, one can surmise that Roberts seeks to argue that his counsel failed to move to suppress the marijuana. Based on a review of the state court records in this case, whether Roberts's trial counsel sought to suppress the marijuana was a tactical decision. That is, if there was evidence that the police had conducted a search without consent or otherwise improperly, failing to move to suppress would likely not be a reasonable tactical decision. However, that is not case here because the officer testified that Roberts had outstanding warrants and he later consented to a search of his house.

___ F.3d ___, 2016 WL 502939, at *20.  Moreover, because Roberts does not provide support for his claim, he fails to show that his counsel's performance was objectively unreasonable, and he fails to show that but for his counsel moving for the suppression hearing the trial outcome would have been different. Accordingly, the Supreme Court of Virginia did not unreasonably apply Strickland, and because Roberts fails provide any facts to support his fourth claim, he fails to state a claim under § 2254(d).

### 4.  Claim Five: Counsel Failed to Investigate Defense Witness Diana Reffitt

In his fifth claim, Roberts asserts that his trial counsel failed to properly investigate Diana Reffitt, a defense witness who provided testimony that he argues could have impeached Officer Roberts.  (ECF No. 1, at 12).  The Supreme Court of Virginia held that Roberts "fail[ed] to proffer what counsel would have discovered had counsel investigated Reffitt" and "[t]hus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different." Roberts v. Commonwealth, No. 141787 (Va. July 20, 2015) (ECF No. 10-1, at 5).

---

See Trial Tr. 10:15-20, 14:17 – 15:17, Commonwealth v. Roberts, No. CR10003308-00 (Va. Cir. Ct. Jan. 21, 2011).

As with several of Roberts's other claims, this claim is based on his contention that the arresting police officer lied about why he stopped Roberts's vehicle.  The trial transcript shows that both Detective Roberts – the police officer who conducted the stop – and Diana Reffitt – who was with Roberts in the vehicle when it was stopped – testified at Roberts's trial. See Trial Tr. At 10:15-25 - 11:1, Commonwealth v. Roberts, No. CR10003308-00 (Va. Cir. Ct. Jan. 21, 2011); see also id. at 54:24-25 - 55:4-5.  Any conflicting testimony was before the factfinder, and Roberts fails to describe how the results of the trial would have been different if his counsel had further investigated Reffitt – his own witness.  Moreover, Roberts fails to demonstrate that his counsel's performance fell below an objective standard of reasonableness.  As discussed above, trial counsel is given much deference with regard to investigative decisions, and Roberts fails to explain why his counsel's action with regard to this witness was unreasonable.  See Strickland, 466 U.S. at 687.  Accordingly, Roberts fails to state a claim under § 2254(d) for his fifth claim of ineffective assistance of counsel.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the court GRANT Respondent's Motion to Dismiss (ECF No. 8), and that Roberts's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and the claims DISMISSED with prejudice.

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. §636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.   A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.   Thomas v. Arn, 474 U.S. 140 (1985); Carr v.

29

Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/

Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
March 2, 2016

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

Vernon Lee Roberts
#1157148
Halifax Correctional Unit
1200 Farm Road
Halifax, VA 24558

and an electronic copy was provided to:

David Michael Uberman
Office of the Attorney General
900 E. Main St.
Richmond, VA 23219

Fernando Galindo, Clerk

By_____
        Deputy Clerk

_March 2_, 2016